LAW OFFICES
# Weston, Garrou & Mooney
A LEGAL PARTNERSHIP

JOHN H. WESTON
(1944-2020)
G. RANDALL GARROU[1*]
JEROME H. MOONEY[1, 4◊]
MARK P. BINDER[1‡]
REBEKAH FRUSHTICK[1, 2, 3]

12121 WILSHIRE BOULEVARD
SUITE 525
LOS ANGELES, CALIFORNIA 90025
FAX (310) 442-0899
(310) 442-0072

**SALT LAKE CITY**
50 WEST BROADWAY
SUITE 300
SALT LAKE CITY, UT 84101-2006
(801) 364-5635

[1] ADMITTED IN CALIFORNIA
[2] ADMITTED IN ILLINOIS
[3] ADMITTED IN NORTH CAROLINA
[4] ADMITTED IN UTAH

*OF COUNSEL
‡ A CALIFORNIA PROFESSIONAL CORPORATION
◊ A UTAH PROFESSIONAL CORPORATION

October 14, 2024

Hon. Debra Livingston, Chief Judge
U.S. Court of Appeals for the Second Circuit
United State Courthouse
40 Foley Square
New York, New York 10007

    **Re:**   *557 Entertainment, Inc. et al. v. City of New York, et al., Second Circuit Case Nos. 24-621(L), 24-623(C), 24-636(C) and 24-640(C)*

Your Honor:

    I represent the appellants in companion Case No. 26-623(L). I write to request leave of Court to appear remotely at the oral argument in these cases (e.g., via Zoom). The sole basis for this request for an accommodation is my hearing.

    I have worn hearing aids for nearly two decades now and my hearing has gotten progressively worse. I now have what is called "profound" hearing loss. Whether I can understand live conversation is now totally dependent on factors outside my control, including the speed of the person speaking, whether they have even the slightest accent, whether their voice is high pitched or lower pitched, whether their voice is loud and distinct or less so, and whether there is any background noise. Accordingly, I believe I could not competently represent our clients at any live appearances in your court.

    Fortunately, there is still one method by which I can still understand most conversation and that is when I hear it via my iPhone or iPad. When the sound comes from those sources, it is transmitted directly into my hearing aids.

    I have also recently explored applications that digitally display live speech, in hopes that such technology would allow me to participate live at oral argument. Unfortunately, although the technology is much improved, there is still a period of a

LAW OFFICES
## WESTON, GARROU & MOONEY
A LEGAL PARTNERSHIP

Hon. Debra Livingston, Chief Judge
Re:  557 Entertainment, Inc. et al. v. City of New York
October 14, 2024
Page 2

second or two of latency which causes me to "see" the speech at a point when the speaker is already saying something new.

I have tried this technology and have reluctantly concluded that my comprehension of such speech is actually far worse than if it is being streamed directly into my hearing aids without the additional confusion that is due to latency issues when also viewing the speech using these apps.

Accordingly, I respectfully request that the Court grant my request for accommodation to participate in the upcoming oral argument by use of Zoom or any other similar software the Court may have available for such purpose.

The District Court allowed me to participate in the two day trial via Zoom based on the same representations and I could effectively participate using this technology with my hearing aids.

Very truly yours,

WESTON, GARROU & MOONEY

By     / s /  G. Randall Garrou
        G. RANDALL GARROU

GRG:km

*…/NYC FED WORD DOCS/Letters to Court/Letter to Court requesting accomodation (10.14.2024).doc*