LAW OFFICES

# WESTON, GARROU & MOONEY
A LEGAL PARTNERSHIP

JOHN H. WESTON
(1944-2020)
G. RANDALL GARROU[1*]
JEROME H. MOONEY[1, 4◊]
MARK P. BINDER[1‡]
REBEKAH FRUSHTICK[1, 2, 3]

12121 WILSHIRE BOULEVARD
SUITE 525
LOS ANGELES, CALIFORNIA 90025
FAX (310) 442-0899
(310) 442-0072

**SALT LAKE CITY**
50 WEST BROADWAY
SUITE 300
SALT LAKE CITY, UT 84101-2006
(801) 364-5635

[1] ADMITTED IN CALIFORNIA
[2] ADMITTED IN ILLINOIS
[3] ADMITTED IN NORTH CAROLINA
[4] ADMITTED IN UTAH

*OF COUNSEL
‡ A CALIFORNIA PROFESSIONAL CORPORATION
◊ A UTAH PROFESSIONAL CORPORATION

October 14, 2024

Hon. Debra Livingston, Chief Judge
U.S. Court of Appeals for the Second Circuit
United State Courthouse
40 Foley Square
New York, New York 10007

     Re:   *557 Entertainment, Inc. et al. v. City of New York, et al.,*
             *Second Circuit Case Nos. 24-621(L), 24-623(C), 24-636(C) and 24-640(C)*

Your Honor:

     I represent the appellants in companion Case No. 26-623(L) and write on behalf of all of appellants' counsel in these four consolidated cases, to request that the Court allow 45 minutes of oral argument to appellants (collectively) and the same amount of time to respondents.

     Counsel for respondents has previously filed – and all of appellants' counsel are concurrently filing – their Oral Argument Statements pursuant to Local Rule 34.1(a).

     This consolidated appeal by seven eating and drinking establishments and six bookstores arises in the context of a heavily litigated challenge to the 2001 Adult Use Amendments to the New York City Zoning Resolution, which have been the subject of continuous litigation since 2002 and have never been enforced, resulting in an extremely complicated factual and legal history.

     The 2001 Amendments were at one time declared unconstitutional under the New York Constitution by the lower New York Courts, but those decisions were reversed by the New York Court of Appeals. The majority of the federal constitutional challenges presented in these federal actions were not raised in the state court litigation and none of the parties here were parties to that state court litigation.

LAW OFFICES
# WESTON, GARROU & MOONEY
A LEGAL PARTNERSHIP

---

Hon. Debra Livingston, Chief Judge
Re: *557 Entertainment, Inc. et al. v. City of New York, et al.*
October 14, 2024
Page 2

Then in 2019, Judge William H. Pauley issued a Preliminary Injunction in the present case against enforcement on federal constitutional grounds. However, ultimately, Judge Lewis J. Liman, in the Decision that is being appealed, rejected all of appellants' federal constitutional challenges. The record is voluminous and includes not only numerous declarations and exhibits, maps and charts, documents necessary for historical understanding going back to the original 1995 adult zoning amendments which are not challenged here, and a 78-page stipulation of 240 agreed facts.

The various Appellants here are comprised of four groups of parties, each with their own appeal and each with separate representation. Counsel for each of these four sets of appellants presented separate oral arguments at the District Court trial. The trial proceeded on a vast paper record and oral arguments took the better part of two days. The District Court assigned specific argument time-blocks to each of Plaintiffs' counsel, each devoted to a different legal issue, as the issues were so numerous and complex.

Recognizing the complexity and importance of this case this Court has already allowed the parties to file oversized main briefs (appellants' joint opening brief is 29,820 words long; respondents' opposing brief is 27,910 words long, and, in addition, the "Bookstore Plaintiffs" have separately briefed the distinct issues applying to their case, and the First Amendment Lawyers Association has also filed an amicus brief in support of appellants). And the City was granted, on consent, 152 days to prepare their Brief of Appellees.

Perhaps most significantly, many of the eleven separate issues raised on appeal are novel, such as: (a) the application of Justice Kennedy's "how speech will fare" test to the facts and circumstances at bar (see *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 440 (2002) (Kennedy, J., concurring), (b) whether the lack of any current need for a 23 year old ordinance can justify a severe impact on expression which will arise if injunctive relief is denied; (c) whether the prior restraint standards of *FW/PBS v. City of Dallas*, 493 U.S.215 (1990) apply to the City's permitting scheme rather than those articulated in *Thomas v. Chicago Park District*, 534 U.S. 316 (2002) because the scheme requires far more time to process adult business permits than those of others; (d) assuming *FW/PBS* applies, whether the zoning scheme is facially invalid because it denies a reasonable opportunity for appellants to relocate because the City's permitting scheme lacks the procedural safeguards required by *FW/PBS*; (e) whether the zoning scheme is currently unenforceable against appellants because it allows the non-

LAW OFFICES
# WESTON, GARROU & MOONEY
A LEGAL PARTNERSHIP

Hon. Debra Livingston, Chief Judge
Re: *557 Entertainment, Inc. et al. v. City of New York, et al.*
October 14, 2024
Page 3

speculative possibility of a "sensitive use veto" by private parties as condemned in *Young v. City of Simi Valley*, 216 F.3d 807 (9th Cir. 2000); and (f) the effect on this case of the Supreme Court's "strict scrutiny" decisions in *Reed v. Town of Gilbert*, 576 U.S. 155 (2015) and *City of Austin v. Reagan Nat'l Advertising*, 596 U.S. 61 (2022) rejecting the articulation of a content-neutral purpose as a controlling justification for an ordinance which is content-based on its face.

Appellants also urge that this appeal requires the Court to re-examine its decision in *TJS of New York, Inc. v. Town of Smithtown*, 598 F.3d 17 (2d Cir. 2010), in which the Kennedy Test was acknowledged but seemingly not applied. In short, this is an extraordinary constitutional case in which extended oral argument is more than justified and will undoubtedly assist the panel in its determination of the appeal.

Under the circumstances, appellants' counsel propose to divide forty minutes of argument between them, in order to address the common issues presented by the consolidated appeal seriatim (which required two days of oral argument in the District Court), and that counsel for the "Bookstore Plaintiffs," Erica Dubno, have five additional minutes to address the issues unique to those appellants, for a total of forty-five minutes (with respondents likewise being granted the same amount of time).

We thank the Court in advance for its consideration.

        Respectfully,

        WESTON, GARROU & MOONEY


    By    /s/G. R. Garrou____
            G. RANDALL GARROU

GRG:km
cc:    All Counsel (via e-mail & ACMS)