

MURIEL GOODE-TRUFANT
*Corporation Counsel*

**NEW YORK CITY**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

ELINA DRUKER
*Assistant Corporation Counsel*
212-356-2609
edruker]@law.nyc.gov

January 29, 2025

Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

Re: Rule 28J Letter in *557 Entertainment, Inc. et al. v. City of New York, et al.,* Docket Nos. 24-621(L), 24-623(C), 24-636(C) and 24-640(C)

To the Hon. Clerk of the Court:

I write for appellees (collectively, "the City") in response to the letter submitted on January 24, 2025 by appellants alerting the Court to the Supreme Court's recent decision in *Tiktok, Inc. v. Garland*, 604 U.S. ___ (Jan. 17, 2025).

*Tiktok* neither alters the legal landscape in any relevant way, nor offers any support for appellants' arguments. The Supreme Court applied established principles to hold that the law before it—which makes it unlawful to distribute TikTok unless U.S. operation of the platform is severed from Chinese control—was a content-neutral regulation justified without relation to the content of speech, and that it survived intermediate scrutiny. *See Tiktok*, Slip Op. at *13-15. The two snippets that appellants highlight in their letter are simply recitations of general background principles that the parties already addressed at length in their briefs.

Nothing in *Tiktok*'s single-sentence summary of *Reed v. Town of Gilbert*, 576 U.S. 155 (2015), supports appellants' argument that the decision *sub silentio* overruled established precedent applying intermediate scrutiny to adult-use zoning regulations (*see* Appellees' Br. 56-58). Nor does anything in *Tiktok*'s recitation of the test for intermediate scrutiny support the conclusion that the challenged amendments are not narrowly tailored. The City adopted the modest amendments here after determining that the goals of its earlier regulations were not being met (Appellees' Br. 60-89). *Tiktok* emphasized the importance of deferring to predictive legislative

judgments like these, and giving governments latitude to develop regulatory solutions, as the City did here. *Tiktok*, Slip Op. at *14, 17.

Respectfully submitted,

MURIEL GOODE-TRUFANT
*Corporation Counsel*
*of the City of New York*
Attorney for Appellees

By: *Elina Druker*
Elina Druker
Assistant Corporation Counsel

cc: *All counsel of record by e-filing*