UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 24-621(L), 24-623(C), 24-636(C), 24-640(C)

Caption [use short title]

Motion for: Stay of Issuance of Mandate

557 Entertainment Inc., et al.,

Plaintiffs-Appellants,

Set forth below precise, complete statement of relief sought:

Stay of Mandate pursuant to F.R.A.P. 41

pending the filing of a petition for certiorari.

v.

City of New York, et al.,

Defendants-Appellees.

MOVING PARTY: Plaintiffs-Appellants in 24-621, 24-636 & 24-640    OPPOSING PARTY: Defendants-Appellees

- [ ] Plaintiff
- [ ] Defendant
- [x] Appellant/Petitioner
- [ ] Appellee/Respondent

MOVING ATTORNEY: Edward S. Rudofsky    OPPOSING ATTORNEY: Ingrid Gustafson

[name of attorney, with firm, address, phone number and e-mail]

Zane and Rudofsky    City of NY Law Department

Five Arrowwood Lane, Melville, NY 11747    100 Church Street, NY, NY 10007

917-913-9697; ed@rudofskylaw.com    212-356-2609; igustafs@law.nyc.gov

Court- Judge/ Agency appealed from: Hon. Lewis Liman, USDC, SDNY

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
- [x] Yes
- [ ] No (explain):_____

Opposing counsel's position on motion:
- [ ] Unopposed
- [ ] Opposed
- [x] Don't Know

Does opposing counsel intend to file a response:
- [ ] Yes
- [ ] No
- [x] Don't Know

\* Plaintiffs-Appellants in 24-623 have "no objection."

Is the oral argument on motion requested?  [ ] Yes  [x] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  [x] Yes  [ ] No If yes, enter date: Argued February 12, 2025

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has this request for relief been made below?  [ ] Yes  [ ] No
Has this relief been previously sought in this court?  [ ] Yes  [ ] No

Requested return date and explanation of emergency:  _____

Signature of Moving Attorney:

_Edward S. Rudofsky_  Date: August 26, 2025    Service: [x] Electronic  [ ] Other [Attach proof of service]

Form T-1080 (rev. 10-23)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

| | |
|---|---|
| 557 ENTERTAINMENT INC., DCD EXCLUSIVE VIDEO INC., VIDEO LOVERS INC., JAYSARA VIDEO, INC., VISHARA VIDEO, INC., RAINBOW STATION 7 INC., CLUB AT 60TH STREET, INC., a Delaware corporation, JACAR-ANDA CLUB, LLC, a New York limited liability company, DBA Sapphire, 59 MURRAY ENTER-PRISES, INC., AKA 59 Murray Corp., DBA New York Dolls, AAM HOLDING CORP., DBA Private Eyes, JNS VENTURES LTD, DBA Vixen, TWENTY WEST PARTNERS, INC., DBA Wonderland, 689 EATERY, CORP., DBA Satin Dolls, 725 EATERY, CORP., Substituting for MLB Enterprises, Corp., DBA Platinum Dolls, | Nos. 24-621 (Lead) 24-623 (Con.) 24-636 (Con.) 24-640 (Con.) |

*Plaintiffs-Appellants*,

v.

CITY OF NEW YORK, HON. ERIC ADAMS, as Mayor of the City of New York, JAMES S. ODDO, as the Commissioner of Buildings, DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK,

*Defendants-Appellees*.

---

## FRAP 41(d) MOTION TO STAY MANDATE

Plaintiffs-Appellants 557 Entertainment Inc., DCD Exclusive Video Inc.,

Video Lovers Inc., Jaysara Video, Inc., Vishara Video, Inc., Rainbow Station 7,

59 Murray Enterprises, Inc. a/k/a 59 Murray Corp. d/b/a New York Dolls, AAM Holding Corp. d/b/a Private Eyes, JNS Ventures Ltd., d/b/a Vixen, Twenty West Partners, Inc. d/b/a Wonderland, 689 Eatery Corp. d/b/a Satin Dolls, and 725 Eatery Corp. d/b/a Platinum Dolls, hereby move the Court pursuant to Federal Rule of Appellate Procedure 41 to stay the Mandate pending the filing of a petition for a writ of certiorari in the Supreme Court.

1.    **Authority for Motion**: FRAP 41(d) provides that "A party may move to stay the Mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the petition would present a substantial question and that there is good cause for a stay."

2.    **Timeliness**:  This motion is in all respects timely.  On August 21, 2025, the Court denied Plaintiffs=Appellants' timely motion for rehearing and rehearing en banc ("Rehearing Petition").  This motion is made within seven days of that date.

3.    **Substantiality of Questions to be Presented to Supreme Court**:

   A.    Plaintiffs-Appellants' proposed petition for certiorari will

present a number of substantial constitutional questions. These include whether the substantial governmental interest required to justify an ordinance that impacts free expression under a municipality's police power must exist when it is enforced, or merely when it is enacted, where there have been significant changed circumstances and the facts that justified the original ordinance no longer exist. While this important question of federal law has not been settled by the Supreme Court, this Court's decision stands in apparent conflict with *United States v. Carolene Products Co.,* 304 U.S. 144, 155 (1938), where the Supreme Court recognized that the "constitutionality of a statute predicated upon the existence of a particular set of facts may be challenged by showing to the court that those facts have ceased to exist."

B. Another substantial constitutional question presented by this case is whether a zoning scheme adopted by a municipality to target one form of adult business (i.e., 60/40 establishments) is unconstitutional under *City of Los Angeles v. Alameda Books, Inc.,* 535 U.S. 425 (2002) (plurality), and *City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41 (1986), when, as here, the State courts with jurisdiction over the facts have authoritatively and

affirmatively held that the business form does not give rise to negative secondary effects [see *For The People Theatres of NY, Inc. v. City of New York,* 38 Misc.3d 663 (Sup. Ct. N.Y. Co. 2012), *aff'd,* 131 A.D.3d 279 (1st Dept. 2015), *rev'd on oth. gnds.,* 29 N.Y.3d 340 (2019)].[1]  To the best of counsel's knowledge, information and belief, since the seminal decision in ***Renton,*** neither the Supreme Court nor any lower federal court, nor any state court, has held an "adult" or "sexually oriented" business zoning scheme constitutional under the First Amendment when there has been such a finding.  Accordingly, the case at bar is truly unprecedented in modern First Amendment jurisprudence and flies in the face of all relevant Supreme Court and lower court precedent.

      C.     This case also presents substantial constitutional questions relating to (1) the application of the Kennedy Test ("how speech will fare") to

---

[1] The New York Court of Appeals (which has extremely limited jurisdiction over *facts*) did not find any error in the affirmed findings of fact on appeal. Instead the court reversed and held the 2001 Amendments valid *under the New York State Constitution,* as a matter of *law*, based on its conclusion that the 60/40 establishments have "a continued focus on sexually explicit activities and materials," *i.e.,* without consideration of the lack of secondary effects as expressly found by the lower New York courts.  "Independent examination" of "the record as a whole," required by *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485 (1984), should have therefore resulted in a determination that the 2001 Amendments  "constitute a forbidden intrusion on the field of free expression" for purposes of the First Amendment.

the facts at bar [*see* ***Alameda Books,*** 535 U.S. at 440 (Kennedy, J., controlling concurrence); (2) whether the challenged zoning provisions "substantially burden more speech than necessary" [*see* ***Free Speech Coalition v. Paxton,*** No. 23-1122 (June 27, 2025), and ***Turner Broadcasting System, Inc. v. FCC,*** 520 U.S. 180 (1997)]; (3) whether the permitting provisions of the City's Zoning Resolution conflict with the standards of ***FW/PBS v. City of Dallas,*** 493 U.S. 215 (1990), and ***Young v. Simi Valley,*** 216 F.3d 807 (9th Cir. 2000); and (4) whether "the record as a whole" shows that the challenged provisions "constitute a forbidden intrusion on the field of free expression" [*see* ***Bose Corp. v. Consumers Union of U.S., Inc.,*** *supra.*].

D. All of these questions and issues merit discretionary Supreme Court review on certiorari. *See* U. S. Supreme Court Rule 10(a) and Rule 10(c).

4. <u>**Good Cause for Stay**</u>: There is good cause for a stay. Violation of Plaintiffs-Appellants' constitutional rights constitutes irreparable harm as a matter of law [*see,* ***Mahmoud v. Taylor,*** 606 U.S. ----, 145 S.Ct. 2332 (2025) (violation of First Amendment rights "unquestionably constitutes irreparable

injury)]. Additionally:

A.    The New York State courts with jurisdiction over the facts have authoritatively found and held that the 60/40 form of adult business does not cause negative secondary effects [*see For The People Theatres of NY, Inc. v. City of New York, supra*];

B.    The 2001 Amendments have not been enforced during the twenty-four years since their enactment, and significantly changed circumstances exist which no longer justify the restriction on expression;

C.    The 1995 Amendments, imposing a dispersal plan on the then-existing adult establishments (as defined), permitting the 60/40 businesses to remain in situ, and putting restrictions on outdoor signage, was successful in reducing the number of adult establishments and addressing their negative secondary effects.  As a consequence, the factual predicate for the 1995 Amendments, alleged to justify the 2001 Amendments, no longer exists [*see 725 Eatery Corp. v. City of New York,* 408 F.Supp.3d 424 (S.D.N.Y. 2019) (Pauley, D.J.) (granting preliminary injunction)], and there will consequently be no prejudice to the City by continuing the existing stay and

briefly staying issuance of the Mandate pending a petition for certiorari; and

        D.     The threat of enforcement of the 2001 Amendments will be inherently disruptive to the Plaintiffs-Appellants (who employ large numbers of entertainers and other staff, and are the source of significant sales and income tax revenue for the City and State). This would require them to choose between violation of the amended zoning resolution, or substantial reconfiguration of their business models, or closing and endeavoring to relocate at great (and, in some cases, potentially prohibitive, expense) if any suitable alternative locations can be found.

     5.    **Notice of Motion**.  Prior to e-filing this motion, the undersigned gave notice of the same to Ingrid Gustafson, Esq., Assistant Corporation Counsel of the City of New York, and to Jerome Mooney, Esq., and G. Randall Garrou, Esq., attorneys for Club at 60th Street, Inc. and Jacaranda Club, LLC, d/b/a Sapphire. The position of the City on the motion is unknown as of this time.  G. Randall Garrou, Esq. has advised movants that Club at 60th Street, Inc. and Jacaranda Club, LLC, d/b/a Sapphire, have no objection to the relief sought.

6.  **Conclusion**.    The challenged zoning provisions threaten to drastically and unnecessarily further reduce or functionally eliminate protected and harmless constitutionally protected adult entertainment in New York City - - "the entertainment capital of the world."  Furthermore, this case is extraordinary.    After twenty-four years of litigation in the New York State and Federal courts; lower State court declarations of unconstitutionality based on First Amendment standards; consensual and court-ordered stays of enforcement, numerous decisions, a preliminary injunction, a trial and extensive (137-page long) decision, and summary review by this Court, any enforcement of the 2001 Amendments for the first time and other challenged provisions should await a petition for Supreme Court review.

7.    Accordingly, and for all of these reasons, the motion to stay the issuance of the Mandate should be granted.

*WHEREFORE*, the undersigned urge the Court to grant the within motion.

Dated:  August 26, 2025

Respectfully submitted,

**EDWARD S. RUDOFSKY, ESQ.**
**ZANE and RUDOFSKY**
*Attorneys for Plaintiffs-Appellants*
*In Case No. 24-636(C)*
Five Arrowwood Lane
Melville, New York 11747
(917) 913-9697

By:_____
Edward S. Rudofsky
ed@rudofskylaw.com

*On The Motion:*

**ERICA T. DUBNO, ESQ.**
**FAHRINGER & DUBNO**
*Attorneys for Plaintiffs-Appellants*
*In Case No. 24-621(L)*
43 West 43rd Street, Suite 261
New York, New York 10036
(212) 319-5351
erica.dubno@fahringerlaw.com

**JEFFREY M. NYE, ESQ.**
**SSP LAW CO., L.P.A.**
*Attorneys for Plaintiffs-Appellants*
*In Case No. 24-640*
7373 Beechmont Avenue
Cincinnati, Ohio 45230
(513) 533-6714
Main Fax: 513.533.2999
*jmn@sspfirm.com*